SUAREZ, J.
Gladys Vargas (“Vargas”) appeals the trial court’s emergency order relocating *394 her husband, Cesar Vargas (“ward”), from a nursing facility in Miami-Dade County, Florida, to a rehabilitative center in Lee County where the guardian resides. The appellee, Barbara Acosta (“Acosta”), is the ward’s daughter and appointed guardian. She argues that the trial court did not err by relocating the ward to a rehabilitation center near Acosta’s home in Lee County because he was in grave need of immediate medical treatment. We affirm the trial court’s orders.
One of the rights typically delegated a guardian is the right to determine the ward’s residence. Section 744.2025, Florida Statutes (2004), requires prior court approval before a guardian may change a ward’s residence from one county to another non-adjacent county in Florida. The statute requires only that a court “shall, at a minimum, consider the reason for such relocation and the longevity of such relocation” before approving a request. § 744.2025(1), Fla. Stat. (2004).
Until March 1, 2005, the ward was living in a nursing facility in Miami-Dade County, Florida. The record shows that on February 28, 2005, attorney for Acosta received a telephone call from the judge’s office informing her that the nursing facility was going to discharge the ward the next day, March 1, 2005. Acosta arranged for the ward to be transferred from Miami-Dade County, Florida, to a nursing facility in Lee County, Florida, where Acosta resides.
On March 1, 2005, Vargas filed her Motion to Vacate the court’s order allowing the transfer of the ward. On March 4, 2005, Vargas served her Emergency Motion to Prevent Change of Ward’s Residence, and set the motion for a March 7, 2005 hearing. In response to the motion, Acosta filed a pleading stating that she had learned from the judge’s office, on February 28, that the ward was to be discharged on March 1, 2005. She further stated that Vargas had denied a previous request to permit the ward to reside within his own home with Vargas. Acosta also alleged that the ward’s current needs would be best met by living in a facility close to Acosta’s home.
On March 1, 2005, the court entered its order denying the Wife’s Emergency Motion to Prevent Change of Ward’s Residence, and granted Acosta’s request to change the ward’s residence to the Rehabilitation and Heart Care in Cape Coral, Florida. On March 7, 2005, the trial court heard argument from both sides on Vargas’ Motion to Vacate. On March 30, 2005, the court entered an order denying the Motion to Vacate.
We affirm the trial court’s orders. The court met the requirement of section 744.2025(1) by “[considering] the reason [given] for ... relocation.” There was no dispute that, at the time of the hearing, the ward was being discharged from his nursing facility in Miami-Dade County, and that the ward was in need of immediate nursing care. Additionally, there was no dispute that Vargas had previously refused to accept the ward in her home, and that the ward’s needs would be best met by living in a facility close to the guardian’s home.
Affirmed.
CORTIÑAS, J., concurs.